UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22408-CIV-GRAHAM/TORRES

CURTIS GOLATT &
TERANCE ACOFF,

        Plaintiffs,

vs.

LIABILITY SOLUTIONS, INC. &
PETER J. TANSEY, III,

        Defendants.
_____/

**REPORT AND RECOMMENDATION ON MOTION TO ENFORCE SETTLEMENT**

        This matter is before the Court on Plaintiffs' Motion to Enforce Settlement Agreement and for Entry of Judgment [D.E. 21]. Upon review of the record and for the following reasons, we recommend that Plaintiffs' Motion be Granted and that Judgment be entered against Defendants in the amount of $13,124.00.

        1.     The parties in this case participated in a settlement conference before Judge John J. O'Sullivan on February 4, 2008, during which the parties reached an agreement to settle the case that was approved by Judge O'Sullivan. [D.E. 18]. The District Judge then closed the case for administrative purposes and retained jurisdiction to allow the parties to finalize their settlement and stipulate to dismissal within 180 days.

        2.     Following the settlement, the parties memorialized their agreement on or about March 12, 2008, through a written agreement that required payment of the settlement monies over a given time period, and providing that the failure to comply with those terms would

result in the entry of a liquidated judgment in the amount of $11,000. [D.E. 21-2]. The parties' agreement also provided that attorneys' fees and costs were recoverable to the prevailing party in the event of a breach.

3.      The first payment under the agreement was due on March 15, 2008, but the payment was not made. After Plaintiffs' efforts to communicate with defense counsel about the breach failed, Plaintiffs filed the pending motion to enforcement the settlement agreement, together with a motion to hold the Defendants and their counsel in contempt of court for violating the Court's February 7, 2008 Order [D.E. 19] regarding the filing of documentation of the settlement.

4.      No response to either the motion to enforce or motion for contempt was filed, and thus in accordance with S.D. Fla. Local R. 7.1 the motions could have been granted by default. Judge O'Sullivan, however, provided the Defendants and counsel an additional opportunity to respond to the motions through an Order entered March 24, 2008 [D.E. 23]. The Order clearly advised Defendants that the motions could be granted in their entirety if no response was filed.

5.      The time provided for in that Order came and went but Defendants failed to file any written response. The undersigned, following the transfer of the case, issued a supplemental Order to Show Cause [D.E. 25] that directed the Defendants and their counsel to personally appear before the Court at a hearing held May 2, 2008, to show cause why the motions should not be granted. The Order also advised them that the failure to comply with that Order could alone result in the motions be granted and the parties being held in contempt of court.

6.      The show cause hearing took place as scheduled, and counsel for Plaintiffs was present. But again Defendants and their counsel ignored that Order and failed to appear as

directed.  The Court directed Plaintiffs' counsel to prepare an affidavit of fees and costs incurred, which affidavit was filed on May 7, 2008 [D.E. 26].

7.      Following the filing of that affidavit neither Defendants nor their counsel has filed any response or evidence why the motions should not be granted or why the fees requested should not be awarded.

8.      Accordingly, under Rule 7.1, the Court finds that Defendants have defaulted in response to the pending Motion to Enforce the Settlement Agreement and, thus, the relief requested in the Motion should be granted.  Additionally, the Court's independent review of the record shows that the parties reached a settlement, that the terms of the settlement provided for a liquidated judgment in the event of default, and that there has been no payment under the agreement.  Based upon that record as well, therefore, the Defendants have breached the terms of the settlement agreement and the parties' agreed-upon remedy, entry of judgment for the liquidated sum of $11,000, should be entered.

9.      Additionally, the Defendants have defaulted with respect to Plaintiffs' request for attorneys' fees and costs incurred in enforcing the parties' settlement.  The parties' agreement evidences that the parties agreed upon a prevailing party fee provision in the event of a breach.  As that breach has occurred, Plaintiffs are entitled to an added award of attorneys' fees and costs.

10.     Plaintiffs' affidavit of fees and costs included a sum for all work incurred in the prosecution of this case.  That entire sum cannot be awarded, however, as the parties' agreement provided that through the date of the settlement each party would bear their own fees and costs except as otherwise provided in the settlement terms. [D.E. 21-2 ¶1.4]. Therefore, the attorneys' fees provision in the agreement unambiguously requires that Plaintiffs be awarded only those fees incurred in enforcing the agreement and remedying the

defaulting parties' breach. The Court's review of the record shows that the reasonable fees and costs incurred for the enforcement of the agreement is $2,124.00. The $295 hourly rate used to calculate that sum is reasonable. And the hours expended by counsel from February 12, 2008, to the present date are also reasonable and compensable. Therefore, pursuant to the Court's obligation to review the fees and costs requested the Court finds that $2,124.00 should be added to the amount of the judgment being entered to enforce the parties' agreement. *See Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Auth. Of Montgomery,* 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

11. The issues raised in the motion for contempt will be addressed by a separate order. The resolution of that motion should not delay the entry of the judgment to enforce the terms of the parties' settlement.

Accordingly, it is hereby **RECOMMENDED** as follows:

A. Plaintiffs' Motion should be **GRANTED**. Plaintiffs should recover from Defendants, Liability Solutions, Inc. and Peter J. Tansey, III, a total award of $13,124.00, plus post-judgment interest on that amount at the rate of 2.14% per annum from the date of the judgment.

B. The Court should enter a final judgment, pursuant to Fed. R. Civ. P. 58, for that amount in Plaintiffs' favor.

C. Pursuant to S.D.Fla.Mag.J.R.4(b), the parties have *five* business days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. Based upon this record there is good cause to expedite any objections to this Report and Recommendation, as provided for in S.D. Fla. Mag.J. R. 4(a). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of any finding in this Report and Recommendation and bar the parties from attacking on appeal the

findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 12th day of June, 2008.

                                                                    /s/ Edwin G. Torres
                                                                    EDWIN G. TORRES
                                                                    United States Magistrate Judge

Copies provided to:
Honorable Donald L. Graham
All counsel of record